



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 17, 1939

Hon. Joe Bailey Humphreys
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. O-813
Re: Fees of office - Justices of the
Peace - County funds.

This Department is in receipt of your letter
of May 13, 1939, wherein you ask us to send you a copy
of Opinion No. O-634 of this Department, addressed to
Hon. S. T. Denny, County Auditor, Houston County, Crockett,
Texas, and wherein you ask us to pass upon the follow-
ing questions:

"1. Is it incumbent upon the county to
pay Justices of the Peace the fees due them
under Article 1052, Code of Criminal Proce-
dure, from any particular county fund?

"2. Does Article 1829, R. C. S. empower
the Commissioners' Court to create separate
funds from which to pay general claims?"

We enclose herewith a copy of Opinion No. O-634
of this Department, which was written to Hon. S. T. Denny,
County Auditor of your county. This opinion apparently
covers most of the questions raised in your letter.

The population of Houston County, Texas, accord-
ing to the last preceding Federal Census, was thirty thou-
sand and seventeen (30,017) inhabitants.

Article 1052, C. C. P., reads as follows:

"Three dollars shall be paid by the
county to the county judge, or judge of the
court at law, and two dollars and fifty cents
shall be paid by the county to the justice of
the peace, for each criminal action tried and
finally disposed of before him. Provided,
however, that in all counties having a popula-
tion of twenty thousand or less, the justice
of the peace shall receive a trial fee of
three dollars. Such judge or justice shall
present to the commissioners' court of his
county at a regular term thereof, a written
account specifying each criminal action in
which he claims such fee, certified by such
judge or justice to be correct, and filed with
the county clerk. The commissioners' court
shall approve such account for such amount
as they find to be correct, and order a draft
to be issued upon the county treasurer in
favor of such judge or justice for the amount
so approved. Provided the commissioners'
court shall not pay any account or trial fees
in any case tried and in which an acquittal
is had unless the state of Texas was repre-
sented in the trial of said cause by the
county attorney, or his assistant, the
criminal district attorney or his assistant,
and the certificate of said attorney is at-
tached to said account certifying to the fact
that said cause was tried, and the state of
Texas was represented, and that in his judg-
ment there was sufficient evidence in said
cause to demand a trial of same."

Article 1074, C. C. P., reads as follows:

"In each case of conviction in a county
court, or a county court at law, whether by
a jury or by a court, there shall be taxed
against the defendant or against all defendants,

Article 2697 permits the transfer of a scholastic from one county to an adjoining district in another county under certain circumstances. The transfer must be made before August first.

The provisions of these statutes are clearly broad enough to include transfers of children whose families are moving into another district. The statute requires no reason to be given except that the applicant has a bona fide intention to send the child to school in another district.

We call attention to the provisions of Article 2696 which give the right of appeal by a school district to the county board, which board may cancel and annul the action of the county superintendent in making the transfer. As we view the question presented it is by and large an administrative matter.

It is our opinion that the county superintendent may transfer scholastics upon proper application, from one district to another district within the same county, or to an adjoining district in another county under certain circumstances, prior to August first, although such scholastics move into the district and establish a residence.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack._

Cecil C. Cammack
Assistant

CCC:N

APPROVED

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN